5

J. RUSSELL CUNNINGHAM, SBN 130578
J. LUKE HENDRIX, SBN 271424
NICHOLAS L. KOHLMEYER, SBN 299087
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for J. Michael Hopper
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>JOSE CHAVEZ, and<br><br>LORENA ARANDA DE CHAVEZ<br><br>Debtors. | Case No.: 14-32390-C-7<br>Chapter 7<br><br>DNL-6<br><br>Date:    March 7, 2017<br>Time:    9:30 a.m.<br>Place:   Dept. C, Courtroom 35<br>           501 I Street, 6th Floor<br>           Sacramento, CA 95814 |

## MOTION TO APPROVE SALE AGREEMENT

J. MICHAEL HOPPER ("Trustee"), in his capacity as Chapter 7 trustee for the bankruptcy estate of JOSE CHAVEZ and LORENA ARANDA DE CHAVEZ (collectively "Debtors"), hereby moves for authority to sell the estate's interest in the following (collectively referred to as "Trucks and Trailers"): (1) 1997 Peterbilt Truck, VIN: 1NP5L69X0VD437831; (2) 2008 Peterbilt Truck, VIN: 1NPXL49X88D752832; (3) 2012 Peterbilt Truck, VIN: 1NPVLP9X6CD147631; and (4) 2001 Reliance Trailer, VIN: 1REFA52061C011521, for the purchase price of $17,000 if received by March 31, 2017, or $20,000 if received by July 31, 2017. In support thereof, the Trustee submits the following:

///

1

**JURISDICTION AND BACKGROUND**

1.     This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(N), and 1334. Venue is proper in this District pursuant to 28 U.S.C. § 1409. Relief is sought pursuant 11 U.S.C. § 363(b)(1) and Federal Rules of Bankruptcy Procedure 6004 and 9019.

2.     On December 29, 2014, the Debtors commenced the above-captioned bankruptcy case by filing a voluntary Chapter 13 petition. On September 20, 2016, the Debtors converted their case to a Chapter 7. The Trustee is the duly appointed Chapter 7 trustee for the Debtors' bankruptcy estate.

3.     The Debtors' schedules identify the Debtors' interest in a 2000 Peterbilt Truck, VIN: 1NP5LB9XXYD547377 ("2000 Truck"). The Debtors' schedules also identify the Debtors' interest in a Reliance trailer. Although no additional identifying information for the trailer is provided in their schedules, the Trustee is informed, and believes, it is a 2008 Reliance Trailer, VIN 5REFA52858S084135 ("2008 Trailer"). The Debtors' insurance documents identify the Debtors' interest in the Trucks and Trailers, but the Debtors fail to identify in their schedules their interest in the Trucks and Trailers. By DNL-3, the Trustee sought turnover of the 2000 Truck, 2008 Trailer, and remaining Trucks and Trailers.

4.     On December 6, 2016, the Court entered an order granting DNL-4, the Trustee's motion to sell the 2000 Truck and 2008 Trailer, subject to an approximate $18,000 allowed claim of exemption, back to the Debtors for $15,000, all of which has been received by the Trustee. The Court also continued the hearing on DNL-3 as to the remaining Trucks and Trailers to February 28, 2017.

5.     On January 25, 2017, the Debtors gave testimony at their continued Meeting of Creditors to the effect that Debtor Jose Chavez holds title to the 2000 Truck, 2008 Trailer, and remaining Trucks and Trailers for the benefit of an equal partnership with his brother and father. The Trustee and Debtors dispute whether Debtors hold title to the Trucks and Trailers as a sole proprietorship or in partnership with Debtor Jose Chavez's brother and father.

///

2

**TERMS OF SALE AGREEMENT**

Subject to Bankruptcy Court approval the Trustee has entered into a sale agreement with the Debtors. The essential terms of the sale agreement include the following:

(1)    The Debtors shall purchase the bankruptcy estate's interest in the Trucks and Trailers for the total purchase price $17,000 if received by March 31, 2017, or $20,000 if received by July 31, 2017.

(2)    The purchase shall be subject to any and all claims of lien, encumbrance, and interest. The Debtors shall be solely responsible for any and all transfer fees and transfer taxes.

(3)    In the event that the Trustee does not timely receive all of the purchase price due under this Agreement, an order shall issue granting DNL-3 by ex parte submission of an attesting declaration from the Trustee.

(4)    Upon entry of Court order approving the sale and the Trustee's receipt of the full purchase price, the Trustee shall convey to the Debtors title to the Trucks and Trailers by bill of sale.

**BASIS FOR RELIEF SOUGHT**

Pursuant to 11 U.S.C. 363(b)(1), a trustee can sell property of the estate after notice and hearing. A sale must have a valid business justification and be proposed in good faith. *In re 240 North Brand Partners, Ltd.*, 200 B.R. 653, 659 (9th Cir. BAP 1996). The Trustee's proposed sale is a good faith effort to maximize the net return to the estate on account of the Trucks and Trailers. The sale allows for an efficient administration of the estate's interest in the Trucks and Trailers, the ownership of which is subject to dispute.

In negotiating this sale, the Trustee is settling his dispute with Debtors over whether Debtors hold title to the Trucks and Trailers as a sole proprietorship or in partnership with Debtor Jose Chavez's brother and father. When deciding whether a proposed settlement under Federal Rule of Bankruptcy 9019 should be approved, the court should consider whether the settlement is fair and equitable. *In re Planned Protective Service, Inc.* (Bankr. C.D. Cal. 1991) 130 B.R. 94, 96. In evaluating the fairness, reasonableness and adequacy of the proposed compromise, the court should consider:

3

1   (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the

2   matter of collection; (c) the complexity of the litigation involved, and the expense,

3   inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors

4   and a proper deference to their reasonable views in the premises. *In Re Woodson* (9th Cir. 1988)

5   839 F.2d 610, 620, citing *In Re A & C Properties*, 784 F.2d 1377 (1986) at 1381, cert. denied

6   107 S.Ct. 189.

7        **1.        The probability of success in the litigation.**

8        This factor weights in favor of the sale agreement. A legitimate dispute exists as to

9   whether Debtors hold title to the Trucks and Trailers as a sole proprietorship or in partnership

10   with Debtor Jose Chavez's brother and father. Insurance documents identify Debtor Jose Chavez

11   as holding title to the Trucks and Trailers. However, the Debtors have given credible testimony

12   that the Trucks and Trailers are held in partnership with Debtor Jose Chavez's brother and father,

13   and as to why they are insured in Debtor Jose Chavez's name only. The Trustee's success in

14   litigation of this issue is uncertain. Rather than an exhaustive investigation or a mini-trial on the

15   merits, the bankruptcy court need only find that the settlement was negotiated in good faith and

16   is reasonable, fair and equitable." *Spirtos v. Ray (In re Spirtos)*, 2006 Bankr. LEXIS 4894 at 32

17   (9th Cir. BAP 2006).

18        **2.        The difficulties to be encountered in collection.**

19        The Trustee does not anticipate that there would be any significant difficulties in

20   collection. However, should the Trustee be required to administer the Trucks and Trailers, there

21   is a risk of potential difficulty in marketing and selling them, causing unnecessary delay.

22        **3.        The complexity, expense, and inconvenience of the litigation involved.**

23        This factor weights in favor of the sale agreement. The sale agreement avoids the cost,

24   expense, and delay associated with litigation. Additional litigation, and the associated costs, would

25   add unnecessary, unrecoverable expenses. The law favors compromise and not litigation for its

26   own sake. *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976).

27   ///

28   ///

**4.      The paramount interest of the creditors.**

This factor weights in favor of the sale agreement. The court may give weight to the opinions of the trustee, the parties, and their attorneys. *In re A & C Properties*, 784 F.2d 1377 (9th Cir. 1986). It is the Trustee's opinion that the sale agreement is in the best interest of the estate. The sale agreement guarantees funds to the estate while avoiding any unnecessary risks, costs, and delay associated with litigation. As such, the Agreement is in the paramount interest of creditors.

**WHEREFORE**, the Trustee prays that,

(1)  The motion be granted;

(2) The Trustee be authorized to sell the bankruptcy estate's interest in the Trucks and Trailers to the Debtors;

(3) The Trustee be authorized to execute and record all documents necessary to effectuate the sale; and

(4)  Such other and further relief as the Court deems necessary and proper.

Dated: February ____, 2017          **DESMOND, NOLAN, LIVAICH & CUNNINGHAM**

By: _____
**J. RUSSELL CUNNINGHAM**
Attorneys for J. Michael Hopper,
Chapter 7 Trustee

5